United States District Court
Southern District of Texas
**ENTERED**
June 13, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID TERRY MOORE, (TDCJ-CID #1165885) Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-19-2053 |
| ROBERT HERRERA, et al., Defendants. | § § § § | |

**MEMORANDUM AND OPINION**

David Terry Moore, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), sued in June 2019, alleging civil rights violations resulting from a denial of due process. Moore, proceeding pro se and in forma pauperis, sues the following officials at the Pack I Unit: Robert Herrera, Head Warden; Paul Wilder, Assistant Warden; Raul Mendoza, Correctional Officer V; and Courtney Mitchell, Correctional Officer V.

The threshold issue is whether Moore's claims should be dismissed as frivolous.

**I.    Moore's Allegations**

Moore asserts that he stored certain food items in containers he previously purchased from the unit commissary. In his grievances, Moore states that he stored Colombian coffee and an electrolyte mixture in peanut butter jars. (Docket Entry No. 1, p. 6). He complains that his property was confiscated on the ground that it was contraband.

Moore asserts that Warden Herrera and Assistant Warden Wilder allowed officers to conduct searches of inmate property without knowledge of TDCJ policy. He asserts that Officer Mendoza

confiscated five family photographs and eight magazines. In the response to Moore's grievance, prison officials stated that the photographs and magazines had a different TDCJ-CID inmate number and that Moore had instructed the officer to throw them away. (Docket Entry No. 1, p. 14). Moore alleges that Officer Mitchell failed to issue confiscation papers following the search of inmate property on December 1, 2018.

Moore seeks unspecified compensatory damages.

## II. Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. The Due Process Claim

An inmate's allegation that his property was lost or damaged, or its receipt delayed by a prison official, does not state a claim under 42 U.S.C. § 1983, even when the prison official acted intentionally. *Hudson v. Palmer*, 468 U.S. 517 (1984). In Texas, when an inmate's property is taken without compensation, he has a remedy in state court, not a federal court claim under 42 U.S.C. § 1983 for loss or damage to property, unless there is no post-deprivation remedy or the remedy is inadequate. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Moore has made neither of

the required showings. His claim against the defendants lacks an arguable basis in law.

## IV. The Claim Based on an Inadequate Grievance System

Moore alleges that the defendants violated his civil rights by failing to resolve the complaints presented in his grievances. "A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (internal citation and quotation omitted). An inmate does not have a constitutionally protected liberty interest in having grievances resolved to his satisfaction. There is no due process violation when prison officials fail to do so. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Edmond v. Martin, et al.*, slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); *Thomas v. Lensing, et al.*, slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). The defendants' alleged failure to address the grievances to Moore's satisfaction did not violate his constitutional rights. The excerpts from the grievance responses submitted by Moore show that the defendants investigated his grievances and provided timely responses. (Docket Entry No. 1, pp. 13-14).

Moore's due process claim based on an inadequate grievance procedure lacks merit.

## V. The Claim Based on a Failure to Comply with Prison Regulations

Moore further alleges that prison officials did not follow prison rules and regulations regarding the confiscation of inmate property. A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. *Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir.), *cert. denied*, 516 U.S. 860 (1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Even assuming that officers

violated TDCJ-CID regulations regarding the confiscation of inmate property, Moore has failed to establish a violation of a constitutional right. Moore has not shown that any errors relating to the confiscation of inmate property amounted to a constitutional due process violation.

The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation. *Meyers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996). A prison official's failure to follow state regulations does not establish a constitutional violation. *See Jackson v. Cain,* 864 F.2d 1235, 1251-52 (5th Cir. 1989). Moore's claim that his due process rights were violated by the failure of prison officials to comply with prison regulations lacks an arguable basis in law because, in light of *Sandin v. Conner,* 515 U.S. 472 (1995), Moore has no created liberty interest in the regulations of the TDCJ-CID.

## VI. Conclusion

Moore's motion to proceed in forma pauperis, (Docket Entry No. 3), is GRANTED. The action filed by David Terry Moore (TDCJ-CID Inmate #1165885) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are DENIED as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Moore's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on June 13, 2019.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE